# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID S. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2:15-cv-00713-LPL |
| ) | District Judge Fischer |
| ALLEGHENY COUNTY COURT ) | Magistrate Judge Lenihan |
| OF COMMON PLEAS, and ) | |
| UNITED STATES DISTRICT ) | |
| COURT, WESTERN DISTRICT OF ) | ECF No. 3 |
| PENNSYLVANIA, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

**LISA PUPO LENIHAN,** United States Magistrate Judge.

## I. RECOMMENDATION

It is respectfully recommended that Plaintiff's Complaint in the above-captioned case be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

## II. REPORT

Plaintiff, David S. Johnson ("Plaintiff"), is an inmate incarcerated at the State Correctional Institution at Rockview, Pennsylvania. (ECF No. 3 at p. 1.) He initiated this civil rights action by filing a Motion for Leave to Proceed in Forma Pauperis, which was granted by the Court on June 18, 2015. (ECF Nos. 1-2.) For the reasons that follow, Plaintiff's Complaint should be dismissed pursuant to the screening provisions of the Prison Litigation Reform Act.

### A. *Plaintiff's allegations*

Plaintiff alleges that on March 10, 2010, he was arrested and placed in the Pennsylvania state prison in Allegheny County, Pennsylvania. (ECF No. 3 at p. 2.) Plaintiff states that on June

6, 2010, he filed a petition for writ of habeas corpus with the Court of Common Pleas of Allegheny County, challenging his imprisonment. (ECF No. 3 at pp. 2-3.) He contends that upon receipt of his petition for writ of habeas corpus, Defendant Allegheny County Court of Common Pleas ("ACCCP"), failed to file his habeas petition. (ECF No. 3 at p. 4.) Plaintiff contends that the ACCCP substituted a collateral remedy (transforming the habeas corpus petition into one under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq.*,). (ECF No. 3 at p. 4.) Plaintiff contends that the true purpose for this transformation was to defeat the writ because the ACCCP knew his claim did not meet the PCRA criteria and would be denied as meritless. (ECF No. 3 at pp. 5-6.) Thus, Plaintiff ultimately claims that the ACCCP "commit[ed] fraud . . . as a method of impair[ing] his rights." (ECF No. 3 at pp. 6-7.)

Thereafter, Plaintiff alleges that he filed a petition for writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254 on January 5, 2012. (ECF No. 3 at p. 7.) In this § 2254 petition, Plaintiff challenged the state court's decision to construe his state habeas petition as a PCRA petition. (ECF No. 3 at p. 7.) On February 22, 2012, Magistrate Judge Mitchell issued a Memorandum Opinion and Order denying Plaintiff's § 2254 petition. *See Johnson v. Lamas*, 2012 WL 592090 (W.D. Pa. 2012).[1] Plaintiff contends that Defendant United States District

---

[1] Plaintiff's application for a certificate of appealability was denied by the United States Court of Appeals for the Third Circuit on July 24, 2012 and his appeal was dismissed. *See Johnson v .Lamas*, No. 12-1790 (3d Cir. July 24, 2012). This Court may properly take judicial notice of docket entries, documents, and opinions filed in other cases. *See Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999) (stating that a court "may take judicial notice of another court's opinion—not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity."); *Carroll v. Prothonotary*, 2008 WL 5429622 at *2 (W.D. Pa. 2008) ("The court takes judicial notice of court records and dockets of the Federal District Courts."). In dismissing his appeal, the Third Circuit held that "to the extent" Plaintiff attacked the decision by the Pennsylvania court to reconfigure his state petition for writ of habeas corpus into a PCRA petition, such a claim was not cognizable under 28 U.S.C. § 2254, notwithstanding his invocation of "due process." *Id.*

On January 28, 2013, Plaintiff filed a second petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Johnson v. Lamas*, 2013 WL 594291 (W.D. Pa. 2013). In this second petition, Plaintiff claimed that Magistrate Judge Mitchell never ruled on the merits of his first § 2254 petition. On February 15, 2013, Magistrate Judge Mitchell issued a Memorandum Opinion and Order, observing that the Court of Appeals ruled on the issue presented in the second petition, concluding that it was not cognizable under 28 U.S.C. § 2254. *Id.* Magistrate Judge

Court for the Western District of Pennsylvania ("WDPA") committed three violations in an effort to "cover for" the ACCCP. (ECF No. 3 at p. 8.) First, the WDPA "did ignore and fail to rule upon the actual claim of the Plaintiff." (ECF No. 3 at p. 8.) Second, the WDPA "did enjoin with the Respondents to transform the Plaintiff's claim of a violation of his rights by the state court into a fraudulent claim of an appeal of a parole decision where no such appeal was entered." (ECF No. 3 at p. 8.) And third, the WDPA "did seek to act in the place of the state court and justify the continued imprisonment of the Plaintiff by a declaration that the Plaintiff did owe time of sentence." (ECF No. 3 at p. 9.) By committing these three alleged violations, Plaintiff claims that the WDPA also deprived him of his rights. (ECF No. 3 at p. 9.) [2]

Plaintiff seeks money damages in the amount of $25 per hour and 4.15% interest compounded annually, from the date of his incarceration on March 10, 2010, to the date of his release, October 25, 2015, for a total of approximately $1,433,739.00. Plaintiff also seeks $100,000.00 in punitive damages, along with court fees, attorneys' fees and costs. (ECF No. 3 at 13-20.)

## B. *Screening*

This Court is required to review Plaintiff's Complaint in accordance with the amendments promulgated in the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-34, 110 Stat. 1321 (1996). Pertinent to the case at bar is the authority granted to federal courts for sua sponte screening and dismissal of prisoner claims. Specifically, Congress significantly amended 28 U.S.C. § 1915, which establishes the criteria for allowing an action to proceed in

---

Mitchell transferred Plaintiff's petition to the United States Court of Appeals for the Third Circuit for consideration as a successive petition. *Id.* Plaintiff's appeal of this decision was dismissed by the United States Court of Appeals for the Third Circuit on June 13, 2013 for lack of jurisdiction. *See Johnson v. Lamas*, No. 13-1695 (3d Cir. June 13, 2013).

[2] Plaintiff previously attempted to sue the individuals responsible for the same set of facts surrounding his alleged civil rights violations. *See Johnson v. Allegheny County*, 2:14-cv-00857 (W.D. Pa. Oct. 31, 2014). That case was dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (ECF No. 9).

3

forma pauperis, i.e., without prepayment of costs. Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons who are proceeding in forma pauperis and to dismiss, at any time, and notwithstanding any portion of the filing fee that may have been paid, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Finally, a court must employ less stringent standards when considering pro se pleadings than when judging the work product of an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). When presented with a pro se complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003). In a § 1983 action, the court must "apply the applicable law, irrespective of whether the pro se litigant has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999)). *See also Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting *Higgins*, 293 F.3d at 688). Notwithstanding this liberality, pro se litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See, e.g., Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

## C. Discussion

Plaintiff is considered a "prisoner" as that term is defined under the PLRA and the Court has already granted him leave to proceed in forma pauperis. Thus, the Court reviews his allegations in accordance with the directives provided in 28 U.S.C. § 1915(e). Plaintiff claims

4

that the previously described actions by both the ACCCP and the WDPA violated his constitutional rights to access the courts, to equal protection, and to due process. He seeks redress pursuant to:

> (1) Article 1 of the Declaration of Rights; (2) Article 1, Section 9, Clause 2 of Habeas Corpus; (3) Title 42, Chapter 21, Section 1981 Equal Rights Under The Law; (4) Title 42, Chapter 21, Section 1985 Conspiracy To Interfere With Civil Rights; (5) First Amendment of the Constitution; (6) Fifth Amendment of the Constitution; and (7) Fourteenth Amendment of the Constitution.

(ECF No. 3 at pp. 2, 4.)

### *Claims against the Allegheny County Court of Common Pleas*

Plaintiff's claims against the ACCCP are barred by the Eleventh Amendment.[3] The Eleventh Amendment bars suits against a state in federal court by private parties. *Laskari v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). "Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it . . . a State cannot be sued directly in its own name regardless of the relief sought." *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) (citing *Pugh*, 438 U.S. at 781)). Eleventh Amendment immunity protects entities created by state governments that operate as alter egos or arms of the State. *See Lake Country Estates v. Tahoe Reg'l Planning Agency*, 440 U.S. 391, 402 (1979). The Court of Appeals for the Third Circuit has ruled that the sixty judicial districts that comprise Pennsylvania's court system, which include the courts of common pleas, are state entities entitled to full Eleventh Amendment immunity. *E.g., Benn v. First Judicial District of Pa.*, 426 F. 3d 233, 235 n. 1 & 240-41 (3d Cir. 2005); *Callahan v. City of Philadelphia*, 207 F.3d 668, 672

---

[3] The Eleventh Amendment of the United States Constitution provides that:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against any one of the United States by Citizens of another State, or by Citizens of Subjects of any Foreign State.

U.S. CONST. amend. XI.

(3d Cir. 2000) ("All courts and agencies of the unified judicial system . . . are part of 'Commonwealth government' and thus are state rather than local agencies.").

Therefore, the ACCCP is a department or arm of the State. In addition, none of the factual allegations contained in Plaintiff's Complaint indicate or suggest that the ACCCP consented to be sued by Plaintiff, a private party, in this federal court. Thus, the ACCCP is immune from suit under the Eleventh Amendment, and consequently, this Court lacks subject matter jurisdiction over that Defendant. Because Plaintiff seeks monetary relief from a Defendant who is immune from suit, sua sponte dismissal is warranted pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

## *Claims against the United States District Court for the Western District of Pennsylvania*

Plaintiff's claims against the WDPA are barred by the doctrine of sovereign immunity. It is well settled that "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Anselma Crossing, L.P. v. U.S. Postal Serv.*, 637 F.3d 238, 240 (3d Cir. 2011) (citing *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)). *See also* U.S. Const. art. III, § 1 ("The judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish."); 28 U.S.C. § 132(a) (2012) ("There shall be in each judicial district a district court which shall be a court of record known as the United States District Court for the district."). This "fundamental principle of sovereign immunity" means that federal courts do not have jurisdiction over suits against the United States "unless Congress, via a statute, expressly and unequivocally waives the United States' immunity to suit." *United States v. Bein*, 214 F.3d 408, 412 (3d Cir. 2000) (citing *United States v. Mitchell*, 463 U.S. 206, 212 (1983)). Without that statute from Congress, the "attempted exercise of judicial power is void." *Treasurer of New Jersey v. U.S. Dep't of Treasury*, 684 F.3d 382, 396

(3d Cir. 2012) (quoting *United States v. U.S. Fid. & Guar. Co.*, 309 U.S. 506, 514 (1940)). Moreover, such a waiver must be "strictly construed in favor of the sovereign," *Id.* (citing *Orff v. United States,* 545 U.S. 596, 601-02 (2005)), and "[t]he terms of [the] waiver define the extent of the court's jurisdiction." *Id.* (citing *United States v. Mottaz,* 476 U.S. 834, 841 (1986)).

In addition, although the Supreme Court clarified in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), that a Plaintiff may assert a claim directly under the United States Constitution against a federal agent, that decision is a judicial creation that authorizes suits only against a responsible federal agent. *Keene Corp. v. United States,* 700 F.2d 836, 845 n. 13 (2d Cir. 1983). *Bivens* does not waive the sovereign immunity of the federal government, and *Bivens*-type actions against federal entites are routinely dismissed for lack of subject matter jurisdiction. *See Johnstone v. United States,* 980 F. Supp. 148, 151 (E.D. Pa. 1997) (explaining that *Bivens* actions "may only be maintained against federal officers; sovereign immunity bars such actions against the United States or agencies thereof."); *Biase v. Kaplan,* 852 F. Supp. 268, 280 (D.N.J. 1991) ("It has, in fact been consistently held that neither section 1985 nor any other provision of the Civil Rights Act may provide the basis for an action against the United States or a Federal Agency.") Accordingly, the WDPA should be dismissed as a defendant.

The federal government has not waived its immunity in the present case. Congress has waived immunity in a limited number of circumstances,[4] and Plaintiff's claims do not fall within the scope of the statutes that govern those circumstances. Therefore, this Court does not have

---

[4] *See e.g.* Tucker Act, ch. 539, 24 Stat. 505 (1887) (codified as amended in scattered sections of 28 U.S.C.); 46 U.S.C. § 30903 (2012) ("Suits in Admiralty Act"); 28 U.S.C. § 2674 ("Federal Tort Claims Act"); 42 U.S.C. § 2000e-16(a) (2000) ("Equal Employment Opportunity Act"); 29 U.S.C. § 633(a) ("Age Discrimination in Employment Act"); 29 U.S.C. §§ 791-795n (2000) ("Rehabilitation Act of 1973"); 5 U.S.C. § 552 (2012) ("Freedom of Information Act"); 5 U.S.C. §§ 701-706 (2000) ("Administrative Procedure Act"); 33 U.S.C. § 1365(a)(1) (2000) ("Clean Water Act"); 42 U.S.C. § 7604(a)(1) (2000) ("Clean Air Act"); 42 U.S.C. § 405(g) ("Social Security Act"); Veterans' Judicial Review Act, Pub. L. No. 100-687, 102 Stat. 4105 (1988).

7

subject matter jurisdiction over Plaintiff's claims. Because Plaintiff seeks monetary relief from a Defendant who is immune from suit, sua sponte dismissal is likewise warranted with respect to the WDPA pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's Complaint be dismissed with prejudiced pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). The Court specifically concludes, based on the explication above, that any further leave to amend the pro se Complaint would be futile as a matter of law. *See e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007) (dismissal of pro se civil rights claim without amendment where it would be futile).

In accordance with the Federal Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of this Report and Recommendation to file written objections thereto. Any party opposing such objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

November 9, 2015

Lisa Pupo Lenihan
United States Magistrate Judge

cc: David S. Johnson
AP-8174
SCI Rockview
Box A
One Rockview Place
Bellefonte, PA 16823
*Via First Class U.S. Mail*

8